Bahman ZANJANI, Petitioner,

v.

INDUSTRIAL COMMISSION OF COLORADO (Ex Officio, the Unemployment Compensation Commission of Colorado), and Division of Employment, Colorado Department of Labor and Employment, Respondents.

No. 84CA0824.

Colorado Court of Appeals, Div. III.

March 21, 1985.

Rehearing Denied April 18, 1985.

Certiorari Granted Aug. 19, 1985.

Colorado Rural Legal Services, Margaret Gleason, Charles Wheeler, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Solicitor Gen., Christa D. Taylor, Asst. Atty. Gen., Denver, for respondents.

TURSI, Judge.

Petitioner, Bahman Zanjani, seeks review of an order of the Industrial Commission denying him unemployment compensation benefits. We set aside the order and remand to the Industrial Commission.

Petitioner, a citizen of Iran, entered the United States in 1977 under a student visa, which authorized him to remain in the United States for as long as he remained a full time student. On August 10, 1981, petitioner began working as a waiter at a Denver restaurant, apparently without the authorization of the Immigration and Naturalization Service (INS). On September 5, 1981, petitioner married a United States citizen. On August 5, 1982, petitioner's wife filed an application with the INS to adjust her husband's status to that of a permanent resident alien. At the same time, petitioner requested employment authorization. Petitioner was granted a temporary status adjustment on August 5, 1982, and also on the same date was granted employment authorization. On October 25, 1982, the INS granted petitioner a permanent resident visa.

On July 13, 1983, petitioner's employment with the Denver restaurant was terminated. On July 15, 1983, petitioner applied for unemployment compensation, claiming eligibility for benefits based upon the period from April 1982 through March 1983. The Division of Employment and Training denied petitioner's claim for benefits on the ground that "wages earned before the issuance of [the] alien registration card on 10–25–82 are not authorized to be used in determining monetary eligibility of unemployment insurance benefits." This decision was affirmed by a referee of the Division of Employment and Training and by the Industrial Commission.

The basis of petitioner's claim is that he is entitled to unemployment compensation

benefits under § 8–73–107(7)(a), C.R.S., because he was permanently residing in the United States under color of law. We agree.

 In our recent decision in *Arteaga v. Industrial Commission*, 703 P.2d 654 (Colo.App.1985), we held that an illegal alien who married a United States citizen, was granted work authorization by the INS, and was in the process of applying for permanent resident status, met the statutory criteria of permanently residing in the United States *under color of law*, and was therefore eligible for unemployment compensation benefits. Here, although petitioner had entered the country under a temporary student visa, he was permanently residing in the United States when he married a United States citizen, was authorized to work by the INS, and was in the process of applying for permanent residence. Petitioner was also here under color of law because the INS made no effort to deport him during the application process.

 However, petitioner's base period of monetary eligibility for unemployment benefits, does not extend for the full period for which he claims. As in *Arteaga*, petitioner became eligible for unemployment benefits when the INS demonstrated its intention to allow petitioner to remain in the country until he obtained permanent resident alien status. This occurred on August 5, 1982, when the INS adjusted his status and granted him work authorization. Therefore, only wages earned by petitioner from that date are includable in determining monetary eligibility for unemployment compensation benefits.

Accordingly, the order of the Industrial Commission is set aside, and the cause remanded for redetermination of petitioner's claim for unemployment compensation benefits.

STERNBERG and METZGER, JJ., concur.